UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLOYSIUS CROSS,

        Plaintiff,                          Case No. 2:13-cv-318

v.                                        HON. GORDON J. QUIST

CHARLES COOK, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Alloysius Cross filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include ARUS Charles Cook, RUM Marquita Malette, Warden Duncan MacLaren, Deputy Warden Kathy Olsen and Store Manager Shawn Aston, all of whom are employed at the Kinross Correctional Facility, in Kincheloe, Michigan.

        As Unit Representative for the G Unit, Plaintiff met with Defendant Cook to discuss inmate institutional files. Plaintiff states that under no circumstances are inmates allowed to view other inmates' files. Defendant Cook informed Plaintiff that Cook mostly runs the office and Plaintiff should simply leave as the clerks will do what Defendant Cook wants them to do. Plaintiff addressed the issue of clerks having access to other prisoners' files at the Warden's Forum meeting held on February 27, 2013. The next day, Plaintiff was called to Defendant Cook's office and confronted about what Plaintiff presented at the Warden Forum's meeting. Defendant Cook was hostile and

intimidating and indicated that Plaintiff should be more concerned about Cook's "pay back." Plaintiff informed Defendant Cook that he would bring this up at the next Warden's Forum meeting. However, on March 4, 2013, Plaintiff was moved from the G-Unit which made him ineligible to act as the Unit Representative for the G-Unit. Plaintiff believes that Defendant Cook removed him from the unit in retaliation for Plaintiff's attempts to resolve the clerk access to inmate files issue. Plaintiff was then denied access to postage stamps for several weeks causing him to be unable to communicate with his family and friends. Plaintiff filed grievance KCF 13-03-289-17b on this issue. The grievance answer stated that Plaintiff was removed from G-Unit to provide a fresh start. Defendant Malette signed the grievance response and Defendant Olson was the reviewer on the grievance. Plaintiff complains that both Defendant Malette and Defendant Olson failed to correct the issues he had with Defendant Cook, allowing further retaliatory actions to occur. Defendant Warden MacLaren indicated at Step II that he agreed with the Step I result. Plaintiff complains that Defendant MacLaren, who is in charge of employees, did nothing to resolve the issue. As a result, Plaintiff was denied postage stamps and store orders by Defendant Shawn Aston.

All Defendants move for summary judgment for failure to exhaust administrative grievance remedies. Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker*

2

*v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

3

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being

4

grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants argue that Plaintiff's grievance KCF 13-030-0289-17b did not involve the issues presented in this case. Defendants characterize the grievance as simply complaining that Defendant Cook allowed prisoners to review other prisoners' files. Defendants ignored the portion of the grievance where it is discussed that Plaintiff was removed from G-Unit by Defendant Cook, in violation of MDOC procedures, after Plaintiff presented the issue about prisoner files at a Warden's Forum meeting. Plaintiff indicated in his Step I grievance that Defendant Cook's conduct

5

was retaliatory. In the opinion of the undersigned, Plaintiff clearly and expressly exhausted his grievance remedies against Defendant Cook on the claims he asserts in this lawsuit. However, Plaintiff did not exhaust his claims against Defendants Aston, MacLaren, Malette or Olsen by filing a Step I grievance against these Defendants for the issues asserted in this complaint.

Accordingly, it is recommended that Defendants' Motion Summary Judgment (Docket #11) be granted in part, dismissing Defendants Aston, MacLaren, Malette and Olsen without prejudice, and denied as to Defendant Cook.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2015