UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

ALLOYSIUS CROSS,

       Plaintiff,

v.                                                        Case No. 2:13-cv-318
                                                        HON. GORDON J. QUIST

CHARLES COOK, et al.,

       Defendant.

_____/

REPORT AND RECOMMENDATION

       Plaintiff Alloysius Cross, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants asserting a retaliatory transfer and denial of postage stamps. The remaining claims are against Defendant Cook. Defendant Cook moves for summary judgment. Plaintiff has not filed a response.

       Plaintiff was housed in the Kinross Correctional Facility in G Unit. Plaintiff was elected G Unit representative. As the unit representative, Plaintiff met with Defendant Cook to discuss inmate institutional files. Plaintiff was concerned that inmates were allowed to view other inmate's files. The issue was addressed by Plaintiff and other inmate unit representatives at the next Warden's Forum meeting held on February 27, 2013. Plaintiff alleges that he was called into Defendant Cook's office and confronted about what Plaintiff presented at the Warden Forum's meeting. Defendant Cook was angry and threatened "pay back."

       On March 4, 2013, Plaintiff was moved from G Unit to E Unit. Plaintiff believes that the transfer to E Unit was solely due to his expression of his concerns regarding prisoner files which

he asserted at the Warden's Forum meeting. Plaintiff believes that Defendant Cook initiated the transfer in retaliation for Plaintiff's statements as the Unit Representative. Plaintiff filed a grievance on this issue and the grievance response indicated that Plaintiff had been moved from G Unit to provide a fresh start. Further, Plaintiff alleges that he was denied access to postage stamps for several weeks, causing him to be unable to communicate with family and friends.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Cook argues that he is entitled to invoke the defense of qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least

in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant argues that Plaintiff cannot support his retaliation claim because he did not engage in protected conduct when participating in the Warden's Forum as a unit representative, and because he was not subjected to adverse action when he was moved from one prison unit to a different similar prison unit. In *Cromer v. Dominguez*, 103 F.Appx 570, 573 (6th Cir. 2004), the Sixth Circuit stated:

> The record fails to establish such a claim because Cromer has not established that he was engaging in protected First Amendment activity as a warden's forum representative. Cromer has no liberty or property interest in his position as a unit representative on the warden's forum. *See Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Furthermore, Cromer has no First Amendment right to represent other inmates in presenting their grievances absent a showing that "the inmate [s] receiving the assistance would otherwise be unable to pursue legal redress." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000). Cromer has not demonstrated that the inmates he represented on the warden's forum could not have been represented by another inmate, or that they could not bring any concerns they may have to the attention of prison officials without Cromer's assistance. Even if Cromer was engaged in protected conduct when he advised and assisted other prisoners in his capacity as unit representative.

*Id*. at 573. See also *Vandiver v. Martin*, 48 Fed. Appx. 517 (6th Cir. 2002), dismissing a claim that plaintiff was transferred in retaliation to remove him from the Warden's Forum, because plaintiff had no right to be housed in a particular institution, and no first amendment right to represent other inmates absent a showing that the inmates receiving assistance would not otherwise be able to pursue their grievances. *Id.* Unlike the circumstances in *King v. Zamiara*, 150 F.Appx 485 (6th Cir. 2005),

where the court found that "since prisoners were required to lodge complaints with King as a prerequisite to access the courts and since King has presented uncontested affidavits stating that his help was necessary, he has presented sufficient evidence that his legal assistance to others constitutes protected conduct." *Id.* at 493.

This is not a situation where Plaintiff Cross, as Unit Representative, was assisting other prisoners with their access to the courts. Plaintiff, along with other Unit Representatives, was addressing the issue of the confidentiality of prisoners' institutional files. Nor, was Plaintiff protecting his own access to the courts by raising this issue. In the opinion of the undersigned, for the reasons stated, Plaintiff has not shown that he engaged in protected conduct by speaking about the issue of inmate institutional file confidentiality.

Moreover, even if Plaintiff could show that he was engaged in protected conduct, Plaintiff cannot show that his transfer to a similar unit was adverse conduct. The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. While some prison transfers can constitute adverse action, Plaintiff was simply transferred to a different unit that was similar to his previous unit. Plaintiff was not subjected to an increase in security or loss of privileges as a result of his transfer. See *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (holding that transfer to administrative segregation or another prison's lock-down unit or can be sufficient to constitute adverse action). Plaintiff was not hindered in his ability to access the courts by his transfer. See *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005) (the consequence of transfer would affect the prisoner's ability to pay his lawyer, thereby affecting his

access to the courts).   In the opinion of the undersigned, Plaintiff has not shown that his transfer to a different a unit was anything more than a *de minimis* injury.  *Thaddeus-X*, 175 F.3d at 398.

Further, although Plaintiff alleges that he was denied postage for several weeks, Plaintiff has not shown that Defendant Cook had any involvement in the denial.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).  Plaintiff stated at his deposition that his evidence to support his claim that Cook was involved is that "I personally believe that he did that."  Plaintiff's dep. at 24, attached to Defendant's brief, docket #41-1, Page ID #163.   Plaintiff has not presented any evidence that could establish that Defendant Cook was involved in denying him postage.  In response to Plaintiff's grievance on this issue, Plaintiff alleges that he was told by the responsible staff member, Shawn Aston, that a computer error was the reason for the denial of postage.  Complaint, docket #1, Page ID 8, and docket #1-1, Page ID 22.[1]  Plaintiff failed to show how Defendant Cook was involved in the denial of postage stamps.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.  Accordingly, it is

---

[1] To the extent that Plaintiff is suing the Defendant in his official capacity, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

recommended that Defendant's Motion for Summary Judgment (Docket #40) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 28, 2015

                                                         /s/ Timothy P. Greeley
                                                  TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE